UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CATHLEEN MARIE MULLINS,

     Plaintiff,

v.                          Case No.:  8:20-cv-1323-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## **OPINION AND ORDER**

     Plaintiff Cathleen Marie Mullins seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v.*

*Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment,

then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.    Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits on February 22, 2017, alleging disability beginning July 26, 2016. (Tr. 129, 215-22). The application was denied initially on July 14, 2017, and upon reconsideration on October 2, 2017. (Tr. 129, 141). Plaintiff requested a hearing and a hearing was held on June 26, 2019, before Administrative Law Judge ("ALJ") Laureen Penn. (Tr. 39-117). On August 6, 2019, the ALJ entered a decision finding Plaintiff not disabled from July 26, 2016, through the date of the decision. (Tr. 15-33).

Plaintiff requested review of the hearing decision, but the Appeals Council denied Plaintiff's request on April 15, 2020. (Tr. 1-6). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on June 10, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 17).

### D.    Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2022. (Tr. 17). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 26, 2016, the alleged onset date. (Tr. 17). At step two, the ALJ found that Plaintiff had the following severe impairments: "myasthenia gravis,

lumbar disc disease, lumbar spondylosis, type 2 diabetes mellitus, obesity, osteoarthritis bilateral hips, traumatic degenerative joint disease, bilateral trochanteric bursitis, iliac enthesopathy, heterotopic ossification, diabetic neuropathy, psoriatic arthritis, and chronic obstructive pulmonary disease/asthma." (Tr. 17). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 24).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except she can stand and walk for four hours. She can sit for six hours. She can occasionally balance, stoop, crouch, kneel, crawl, and climb stairs and ramps, but cannot climb ladders, ropes, or scaffolds. She can frequently push and pull with the lower extremities bilaterally. She cannot have concentrated exposure to fumes, odors, dusts, gases, poor ventilation, and other pulmonary irritants. She cannot have even moderate exposure to hazards, including heights and heavy machinery. She can perform jobs requiring frequent near acuity and far acuity.

(Tr. 26).

The ALJ found Plaintiff is able to perform her past relevant work as a case manager. (Tr. 31). The ALJ found that in comparing Plaintiff's RFC with the physical and mental demands of this work, Plaintiff is able to perform this job as

generally performed in the national economy. (Tr. 31). Alternatively, the ALJ found at step five after relying on the testimony of a vocational expert that considering Plaintiff's age (57 on the alleged onset date), education (at least high school education), work experience, and RFC, there are jobs that existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32-33). Specifically, the ALJ found that Plaintiff could perform such occupations as:

(1) administrative assistant, DOT[1] 169.167-010, sedentary, semi-skilled to skilled, SVP 5

(2) referral clerk, DOT 205.367-062, sedentary, semi-skilled to skilled SVP 3

(3) information clerk, DOT 237.367-022, sedentary semi-skilled to skilled, SVP 4

(Tr. 33). The ALJ concluded that Plaintiff had not been under a disability from July 26, 2016, through the date of the decision. (Tr. 33).

## II.   Analysis

On appeal, Plaintiff raises the following three issues:

(1) Whether the ALJ erred when she refused to allow Plaintiff to submit a post-hearing memorandum and rebuttal evidence regarding the vocational testimony;

(2) Whether the ALJ's finding that Plaintiff's medically determinable migraine headaches are non-severe (and result in no limitations of Plaintiff's ability to work) is contrary to law and not supported by substantial evidence;

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

(3)     Whether the ALJ's credibility analysis is generally flawed as a result of the above error, and specifically so because it fails to acknowledge or discuss Plaintiff's excellent work history.

(Doc. 22, p. 8, 21-22, 30).

### A.     Whether the ALJ erred when she refused to allow Plaintiff to submit a post-hearing memorandum and rebuttal evidence regarding the vocational testimony

Plaintiff argues that the ALJ should have considered a June 11, 2019 post-hearing memorandum and objections to the vocational expert's testimony. (Doc. 22, p. 8). After an extensive cross-examination of the vocational expert, Plaintiff's counsel requested that the record remain open for two weeks so that he would have an opportunity to review the testimony. (Tr. 115). The ALJ refused to keep the record open. (Tr. 115). Plaintiff's counsel submitted a Post-Hearing Memorandum and Objections anyway. (Tr. 337-365). In the decision, the ALJ acknowledged Plaintiff's counsel's request to keep the record open and again denied the request, finding "the claimant's representative was given an opportunity to extensively question the vocational expert witness at the hearing." (Tr. 15). Plaintiff argues that because the ALJ did not consider this post-hearing memorandum, "meaningful judicial review is impossible, an error that can only be corrected by remanding the case to the Agency for further proceedings." (Doc. 22, p. 9).

Plaintiff submitted a lengthy post-hearing memorandum to the ALJ and then later to the Appeals Council, containing objections to the vocational witness's

testimony. (Tr. 332-65). In support of her position, Plaintiff hired an independent vocational expert, Paula Santagati, to contest the vocational expert's testimony. (Tr. 337). Ms. Santagati found the limitation in the RFC to "must avoid concentrated exposure to dust, fumes, odors, and pulmonary irritants" would preclude "virtually all unaccommodated employment in today's work force." (Tr. 337). Ms. Santagati also found a "glaring mistake was made in the past relevant work classification" in that the ALJ's classification of Plaintiff's past relevant work is actually entitled Social Worker, Medical and not a case worker, and the duties vary significantly from Plaintiff's actual past work. (Tr. 338). Finally, Plaintiff claims that the vocational expert did not properly determine the number of jobs in the national economy for each of the listed jobs. (Tr. 338).

The Commissioner contends that substantial evidence supports the ALJ's alternative step five finding, and the ALJ was not required to consider Plaintiff's post-hearing brief. The Commissioner claims that Plaintiff's challenge to the ALJ's lack of discussion of the post-hearing brief based on HALLEX I-2-6-74(B) and SSR 00-4p fails because Plaintiff cited no binding authority that squarely requires an ALJ to discuss or rule on rebuttal evidence. (Doc. 22, p. 18-19).

While it is uncontested that Plaintiff had a constitutional and statutory right to cross-examine witnesses, present evidence, and challenge the evidence presented, Plaintiff does not claim she was prevented in any manner from exercising these

rights. *See Mitchell v. Saul*, No. 8:18-cv-1587-T-CPT, 2019 WL 13066869, at *3 (M.D. Fla. July 18, 2019). Indeed, at the hearing, Plaintiff took the opportunity to cross-examine the vocational expert at length, and also had the opportunity to present evidence, but did not. (Tr. 80-115). Rather, Plaintiff argues the ALJ erred in not considering her post-hearing brief and ruling on the objections contained therein.

The Commissioner argues that HALLEX I-2-6-74(B) and SSR 00-4p are inapplicable. She claims the wording of this HALLEX applies to an ALJ's conduct at the hearing and not to a post-hearing brief. HALLEX I-2-6-74(B). Even if HALLEX I-2-6-74 applied – which it does not – courts have found that the HALLEX does not create judicially enforceable rights, especially when a plaintiff has not shown prejudice. *Mitchell*, 2019 WL 13066869, at *3. Likewise, SSR 00-04p includes provisions concerning the use of a vocational expert who provides occupational evidence, but this ruling does not touch on post-hearing briefs or the resolutions of objections or conflicts in them.

Even assuming that the Hallex creates a judicially enforceable right, the Commissioner argues the Plaintiff failed to show harmful error. (Doc. 22, p. 20). On that point, the Court disagrees – especially as to Plaintiff's past relevant work.

At the hearing, the ALJ asked the vocational expert to classify Plaintiff's past relevant work, noting that Plaintiff indicated she was a case manager. (Tr. 62). For the job description, the ALJ pointed to Exhibit 3E. (Tr. 62). In this Exhibit, Plaintiff

described her past relevant work: "I would get [a] list of people who are called referrals and ask them for information and review it to help them." (Tr. 259). Plaintiff also provided a more detailed job description that included: setting up charts, completing reports, calling patients, doing health assessments, restocking the printer as needed, attending meetings, writing care plans, taking calls from patients, reviewing medications, and taking to families about care and assistance. (Tr. 271). She testified that she was a nurse. (Tr. 57-58).

The vocational expert classified this job as a "Case Manager" with DOT # 195.107.030, skilled work, sedentary but performed as light, and an SVP of 7. (Tr. 62). However, this DOT title refers to "Social Worker, Clinical; Social Worker, Health Services." Social Worker, Medical DICOT 195.107-030, 1991 WL 671574. And the job is described as:

> Assists patients and their families with personal and environmental difficulties which predispose illness or interfere with obtaining maximum benefits from medical care: Works in close collaboration with physicians and other health care personnel in patient evaluation and treatment to further their understanding of significant social and emotional factors underlying patient's health problem. Helps patient and family through individual or group conferences to understand, accept, and follow medical recommendations. Provides service planned to restore patient to optimum social and health adjustment within patient's capacity. Utilizes community resources to assist patient to resume life in community or to learn to live within limits of disability. Prepares patient histories, service plans, and reports. Participates in planning for improving health services by interpreting social factors

> pertinent to development of program. Provides general direction and supervision to workers engaged in clinic home service program activities. Works in general hospitals, clinics, rehabilitation centers, drug and alcohol abuse centers, or related health programs. May be employed as consultant in other agencies. Usually required to have knowledge and skill in casework methods acquired through degree program at school of social work.

*Id.* The duties of the Social Worker do not clearly match the duties that Plaintiff described. Specifically, Plaintiff worked in a health insurance agency and conducted health assessments, reviewed medications and talked to families about care and assistance. (Tr. 271). A social worker helps health care workers to understand the significant social and emotional factors underlying a patient's health problems and helps patients and families understand and follow medical recommendations. Social Worker, Medical DICOT 195.107-030, 1991 WL 671574. Plaintiff's duties as a case worker are significantly different from the duties of a Social Worker, Medical.

Even though the ALJ found other jobs in the national economy that Plaintiff could perform, the misclassification of Plaintiff's past relevant work was not harmless error. Notably, in relying on the vocational expert's testimony and in comparing Plaintiff's RFC with the physical and mental demands of this work, the ALJ found Plaintiff capable of performing this work as generally performed. (Tr. 31). But Plaintiff did not perform this type of work. As a result, the error also affects the skills Plaintiff acquired in her past relevant work and the ALJ's reliance on these

skills in determining other jobs in the national economy that Plaintiff can perform. (Tr. 32).

An ALJ "has an affirmative duty to identify and resolve any apparent VE-DOT conflict in a disability hearing." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018). While perhaps not a typical conflict, here the vocational expert classified Plaintiff's past relevant work incorrectly, and the ALJ did not question the vocational expert on this DOT classification and resolve any conflict between the two jobs. As a result, Plaintiff sustained her burden of showing that the ALJ's reliance on the vocational expert's testimony concerning classifying Plaintiff's past relevant work and the skills she obtained from this work constitutes reversible error. On remand, the Court will require the ALJ to reconsider Plaintiff's past relevant work and any other work in the national economy that Plaintiff may be able to perform.

**B.      Whether the ALJ's finding that Plaintiff's medically determinable migraine headaches are non-severe is contrary to law and not supported by substantial evidence**

Plaintiff argues that the ALJ erred at step two of the analysis when finding Plaintiff's migraine headaches non-severe and this error caused further errors in the subsequent steps of the sequential evaluation. (Doc. 22, p. 22-23). Specifically, Plaintiff claims that the ALJ erred in not including any limitations in the RFC based on Plaintiff's migraine headache impairment. (Doc. 22, p. 22-26). The

Commissioner argues that contrary to Plaintiff's argument, substantial evidence supports the ALJ's step two finding and Plaintiff failed to show that her migraine headaches whether severe or not caused additional limitations beyond those in the RFC. (Doc. 22, p. 27-30).

At step two, an ALJ considers the severity of a claimant's impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe "if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities" 20 C.F.R. §§ 404.1522(a), 416.922(a). In other words, a severe impairment is an impairment or combination thereof that *significantly* limits a claimant's abilities to perform basic work activities. *See* SSR 85-28, 1985 WL 56856, *4 n.1; 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).

The severity of an impairment "must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). The impairment must also last or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509, 416.920(a)(4)(ii), 416.909. The claimant bears the burden at step two of proving that she has a severe impairment or combination of impairments. *O'Bier v. Comm'r of Soc. Sec. Admin.*, 338 F. App'x 796, 798 (11th Cir. 2009).

This inquiry "acts as a filter in that the finding of any severe impairment ... is enough to satisfy the requirement of step two and allow the ALJ to proceed to step three." *Ball v. Comm'r of Soc. Sec. Admin.*, 714 F. App'x 991, 993 (11th Cir. 2018) (internal quotations omitted). "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)). "[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling." *Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 841-842 (11th Cir. 2014) (internal citations omitted).

With this standard in mind, even if the ALJ should have characterized Plaintiff's migraine headaches as a severe impairment, any error is harmless because the ALJ characterized other impairments – myasthenia gravis, lumbar disc disease, lumbar spondylosis, type 2 diabetes mellitus, obesity, osteoarthritis bilateral hips, traumatic degenerative joint disease, bilateral trochanteric bursitis, iliac enthesopathy, heterotopic ossification, diabetic neuropathy, psoriatic arthritis, and chronic obstructive pulmonary disease/asthma – as severe. (Tr. 13). The ALJ then advanced to step three of the sequential evaluation. *See Ball*, 714 F. App'x at 993.

With step two satisfied, the issue then becomes whether the ALJ considered all of Plaintiff's limitations, including migraine headaches, in assessing the RFC.[2]

To reach the conclusion that Plaintiff could return to her past relevant work as a case manager or to other work in the national economy, the ALJ was required to consider all the duties of that work and evaluate Plaintiff's ability to perform these jobs despite her impairments. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). "Consideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." *Id.* In other words, an ALJ must consider a claimant's medical condition as a whole. *Id.* (citing *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014)).

After determining the RFC, the ALJ stated that she "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 26). Even though the ALJ made this statement, the Court must consider whether within the RFC section, the ALJ actually discussed all of Plaintiff's alleged impairments singly and in combination, whether severe or non-severe. *See Schink*, 935 F.3d at 1269. Although the ALJ stated she considered all symptoms, the section following the RFC

---

[2] Plaintiff points out that the ALJ appears to have mischaracterized Exhibit 3F/7 in finding Plaintiff "did not make ongoing reports of headache symptoms (Exs. 3F/7, 5F)." (Tr. 18; Doc. 22, p. 25). In Exhibit 3F/7, Plaintiff reported that she had seen improvement but continued "to have squeezing headaches." (Tr. 427). Even though the ALJ may have mischaracterized one page of this Exhibit in the decision, the Court finds that overall, the ALJ properly summarized the evidence. (Tr. 15-34).

determination does not address the limiting effects, if any, of Plaintiff's migraine headaches. (Tr. 26-31). The only mention of migraine headaches is regarding a medical record that Plaintiff was seen in August 2016 for increased migraine and facial spasm symptoms. (Tr. 27). Otherwise, the RFC discussion is silent on the effects, if any, of migraine headaches on Plaintiff's ability to perform work.

Normally, this error would warrant reversal. Here, however, in the step two analysis to determine whether migraine headaches were a severe impairment, the ALJ specifically discussed RFC limitations as to migraines. The ALJ found that based on the overlap with Plaintiff's severe myasthenia gravis and non-severe migraines, the ALJ limited Plaintiff to jobs requiring frequent near and far acuity, "out of caution. These non[-]severe visual impairments do not support a need for time off task, but the undersigned notes that the vocational expert testified that 10 percent of time off task would not preclude the jobs discussed below." (Tr. 19). Thus, the ALJ clearly considered Plaintiff's migraine headaches and any limitations in Plaintiff's ability to work that they would cause. As a result, the ALJ limited Plaintiff to frequent near and far acuity and no additional limitations for being off task.

While the ALJ may have erred in including this discussion at step two rather than in the RFC determination, the Court finds this error is harmless because the ALJ specifically considered any limitations based on migraine headaches and included such a limitation in the RFC. Nonetheless, because the Court is remanding

this matter, the Court will direct the Commissioner to reconsider any limitations related to Plaintiff's migraine headaches.

**C.      Whether the ALJ's credibility analysis is generally flawed as a result of the above error, and specifically so because it fails to acknowledge or discuss Plaintiff's excellent work history.**

Plaintiff argues the ALJ erred in not acknowledging or discussing Plaintiff's strong work history to support her subjective complaints. (Doc. 22, p. 31). Plaintiff claims that she worked over 39 years prior to her alleged onset date and the ALJ should have considered it in the subjective complaint analysis. (Do. 22, p. 31-32). The Commissioner contends substantial evidence supports the ALJ's subjective complaint findings. (Doc. 22, p. 33-36).

A claimant may establish that she is disabled through her own testimony of pain or other subjective symptoms. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). In such a case, a claimant must establish:

> "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Id.* (quoting *Dyer*, 395 F.3d at 1210). When evaluating a claimant's testimony, the ALJ should consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating

and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication to alleviate pain or other symptoms; (5) treatment other than medication for relief of pain or other symptoms; (6) any measures a claimant uses to relieve pain or other symptoms; and (7) other factors concerning a claimant's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 867 (11th Cir. 2019). The ALJ must consider these factors given all of the evidence of record. *Id.* And if the ALJ discredits this testimony, then the ALJ "'must clearly articulate explicit and adequate reasons for' doing so." *Id.* (quoting *Dyer*, 395 F.3d at 1210). The ALJ may consider the consistency of the claimant's statements along with the rest of the record to reach this determination. *Id.* Such findings "'are the province of the ALJ,' and we will 'not disturb a clearly articulated credibility finding supported by substantial evidence.'" *Id.* (quoting *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 782 (11th Cir. 2014)). A decision will be affirmed as long as the decision is not a "broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer*, 395 F.3d at 1211 (quotation and backets omitted).

Plaintiff only claims error in the ALJ failing to discuss Plaintiff's excellent past work history. While prior work history is a consideration in evaluating a claimant's subjective complaints, the Eleventh Circuit has not had an occasion to

determine whether an ALJ's failure to consider a claimant's lengthy work history in evaluating a claimant's subjective symptoms is erroneous. *Mahon v. Comm'r of Soc. Sec.*, No. 8:16-cv-1462-T-JSS, 2017 WL 3381714, at *10 (M.D. Fla. Aug. 7, 2017); *Wilson v. Soc. Sec. Admin., Comm'r*, No. 4:18-CV-00407-JHE, 2020 WL 1285927, at *6 (N.D. Ala. Mar. 16, 2020).

In this case, at the hearing, the ALJ stated that he considered and reviewed Exhibit 3E, which sets forth Plaintiff's past relevant work from April 2003 through July 2016. (Tr. 62, 259). And in the decision, the ALJ stated that Plaintiff "has past relevant work as a case manager, which she performed within the past 15 years, at substantial gainful activity levels." (Tr. 31). The ALJ also references Exhibit 5E, which sets forth Plaintiff's work history from 1990 through 2016. (Tr. 31, 270-76). The Court finds that although the ALJ may have not expressly discussed Plaintiff's work history in assessing Plaintiff's subjective symptoms, the ALJ did review Plaintiff's work history. Thus, the Court finds no error.

## III.   Conclusion

The decision of the Commissioner is **REVERSED,** and this action is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Plaintiff's past relevant work or alternatively whether Plaintiff is capable of performing other work in the national economy, and Plaintiff's residual

functional capacity. The Clerk of Court is directed to enter judgment consistent with

this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 28, 2021.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties